NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**SELINDA B. COSTA,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent,*

AND

**DEPARTMENT OF JUSTICE,**

*Intervenor.*

---

2010-3054

---

Petition for review of the Merit Systems Protection Board in case no. DE0752090075-I-2.

---

Decided: October 13, 2010

---

SELINDA B. COSTA, of Aurora, Colorado, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

E ISENMANN, General Counsel, and K EISHA D AWN B ELL, Deputy General Counsel.

G REGG P ARIS Y ATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were T ONY W EST, Assistant Attorney General, J EANNE E. D AVIDSON, Director, and M ARTIN F. H OCKEY, J R., Assistant Director. Of counsel was D AVID M. H IBEY, Attorney.

---

Before B RYSON, D YK, and M OORE, *Circuit Judges.*

P ER C URIAM.

Selinda B. Costa ("Costa") petitions for review of a final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal for lack of jurisdiction. *Costa v. Dep't of Justice*, No. DE0752090075-I-2 (M.S.P.B. Oct. 8, 2009). We *affirm.*

## BACKGROUND

On October 23, 2008, Costa resigned from her position at the Federal Correctional Institution ("FCI") Englewood, in Littleton, Colorado. At that time, Costa was the subject of an ongoing investigation by the Office of the Inspector General ("OIG") regarding allegations of an improper relationship with a former inmate. Costa alleged that her resignation was involuntary due to misrepresentation and acts of coercion by FCI, including unsubstantiated threats of adverse action, undue time pressure, and intolerable working conditions. The evidence presented at the hearing primarily consisted of directly conflicting testimony—allegations of wrongdoing by Costa supported in part by the testimony of her union representative Robert Neal ("Neal"), contrasted with

outright denials of those allegations by FCI's Warden Blake Davis ("Davis") and Assistant-Warden Zeigler ("Zeigler"). After finding Davis and Zeigler's testimony to be more credible, the administrative judge ("AJ") concluded that Costa's resignation was voluntary and therefore dismissed her case for lack of jurisdiction. *See Costa v. Dep't of Justice*, No. DE0752090075-I-2, slip op. at 7-8 (M.S.P.B. Aug. 4, 2009) ("*Initial Decision*"). The Board denied Costa's petition for review, and the AJ's decision became the final decision of the Board. Costa timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

A voluntary resignation is beyond the Board's jurisdiction, *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328-29 (Fed. Cir. 2006) (en banc), but the Board has jurisdiction when a resignation was "involuntary and thus tantamount to forced removal." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). To prevail, Costa must prove that her resignation was due to the agency's (1) misinformation or deception, or (2) coercion. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

A resignation is involuntary if the agency made misleading statements on which the employee reasonably relied to her detriment. *Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983). Costa and Neal testified that Davis misrepresented Costa's options as being either resignation or home duty *without pay*. Davis and Zeigler testified that Davis never stated that home duty would be without pay. The Board found the testimony of Davis and Zeigler to be more credible based on their demeanor, their capacity to accurately remember, the consistency of their testimony, and the improbability of Costa's account. *See Initial Decision*, at 5-7. Costa

essentially requests that we reweigh conflicting evidence. That is not our function. "The credibility determinations of an administrative judge are virtually unreviewable on appeal," *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002), and we see no basis to set them aside here. As such, we affirm the Board's rejection of Costa's claim that she was given material misinformation relating to her resignation.

Costa next argues that her resignation was involuntary due to coercion by the agency. Specifically, Costa alleges that (1) Davis threatened to fire her without cause; (2) she was forced to make her resignation decision under excessive time pressure; and (3) she was subjected to intolerable working conditions. We address each claim in turn.

A threat of adverse action is coercive if the agency knows or should know that it cannot be substantiated. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987). Costa and Neal testified that Davis threatened to fire Costa, without more, if he received a telephone call from an undisclosed source. Costa apparently alleges that this was an implication that the mere receipt of word from the OGI investigators, without regard as to their findings or to whether the investigation had concluded, would result in her termination. Davis and Zeigler testified that Davis made no such statement. The Board credited Davis and Zeigler's testimony. *Initial Decision*, at 6-7. Again, we find no error in the Board's credibility determinations. Thus, we affirm the Board's determination that Costa's resignation was not involuntarily caused by improper threats of adverse action.

Costa next alleges that she was forced to resign under undue time pressure because Davis gave her "[until] the end of the day to make up her mind." However, the Board

credited Davis's testimony that he placed no time limit on when Costa could resign, and that he merely related that the agency could note pending discipline on her resignation form if she waited to resign until after an adverse action was proposed. *Initial Decision*, at 7. We again find no error in the Board's credibility determination. Moreover, merely informing Costa that it might be beneficial for her to resign before an adverse action was proposed did not constitute coercion, as Costa was still free to await the outcome of the OIG investigation. "The fact remains, plaintiff *had a choice*. She could stand pat and fight. She chose not to." *Garcia*, 437 F.3d at 1329 (citation omitted). Thus, the Board did not err in concluding that Costa's resignation was not involuntarily caused by undue time pressure.

Finally, the Board found that Costa's "working conditions were not so intolerable as to force a reasonable person to resign." *Initial Decision*, at 7. The Board properly considered the facts that Costa was briefly reassigned to the front lobby (without work) and that a memorandum including Costa's picture and warning of her limited access to the FCI facility was posted in the control room. *Id.* at 7-8. However, the Board gave these factors little evidentiary weight because both actions were corrected about two weeks before Costa's resignation (Costa was moved to an empty office, and her picture was removed). *Id.* at 8. The Board could reasonably conclude that the absence of these factors when Costa resigned "diminishes the[ir] causal link" to her resignation and "attenuates [her] claim of involuntariness." *Terban*, 216 F.3d at 1024. Moreover, we agree with the Board's finding that "lack of work in and of itself is not enough to prove intolerable working conditions." *Initial Decision*, at 8. Thus, the Board did not err in rejecting Costa's claim

that her resignation was caused by intolerable working conditions.

Consequently, the Board's finding that Costa voluntarily resigned was supported by substantial evidence, and the Board did not err in concluding that her appeal was outside the Board's jurisdiction.

## AFFIRMED

### COSTS

No costs.